ROBERT R. GILL v. ROBERT F. CAMPBELL.

Although the statute permits the plaintiff to make the defendant a witness against himself, it does not authorize his being made a witness against a co-defendant; he is not a competent witness in such case, merely because a party to the record, if otherwise incompetent on the score of interest.

That the person offered as a witness is a party to the record, does not render him incompetent; but, if incompetent on the score of interest, his being a party will not remove his incompetency.

In a suit on a note and mortgage, and to enjoin a third party who claims the mortgaged property, as purchaser at a sale under an execution and judgment in his favor against the mortgage debtor, such debtor is not a competent witness for the plaintiff against his co-defendant, to prove that the plaintiff's debt and mortgage were *bonâ fide*, and not made for the purpose of hindering and delaying creditors.

The interest of the debtor is not balanced; a recovery by the plaintiff would not revive the judgment of his co-defendant, which had been previously satisfied by the sale of the mortgaged property.

If there be a preponderance in the amount or value of the interest, on one side, the witness is interested to the amount of the excess, and is disqualified from testifying on that side.

An objection, that, from the state of the pleadings, the witness offered is not competent, is a sufficient objection to the witness, on the score of interest, if the pleadings present him in the attitude of an interested party.

APPEAL from Bastrop. Tried below before the Hon. Alexander W. Terrell.

The appellee, Robert F. Campbell, brought suit against Duncan C. Campbell, on a note for $375, and to foreclose a mortgage given him by the said Duncan C. Campbell, upon the south half and north-west quarter of block of lots No. 3, in the town of Bastrop; and also to enjoin and restrain the appellee, Gill, who was made a defendant, from interrupting or disturbing him in the possession of the mortgaged premises.

The plaintiff alleged in his petition, that the defendant, Gill, had recovered a small judgment, in the court of a justice of the peace, against Duncan C. Campbell, on which he had caused an execution to be issued, and levied on the said premises, pre-

viously mortgaged to the plaintiff, and had purchased the same, at a sale made by virtue of an execution under the said judgment, for about the sum of $10.

The defendant, Duncan C. Campbell, did not answer, and a judgment was taken against him by default.

The defendant, Gill, claimed title by virtue of his purchase at the said execution sale, under the judgment in his favor against his co-defendant, who, he alleged, was insolvent; and charged that the note and mortgage to the plaintiff, upon which the suit was brought, were without consideration, and given by his co-defendant for the purpose of delaying, hindering, and defrauding his creditors; and that the plaintiff was a young man, without means, residing with the defendant, Duncan C. Campbell, his father.

Upon the trial, the plaintiff offered as a witness, to prove that the note and mortgage were *bonâ fide*, the defendant, Duncan C. Campbell, to whose testifying in the cause, the defendant, Gill, objected, upon the following grounds: "1st. That he was a party to the suit, and stood in no such antagonistic relation to the plaintiff, as was contemplated by the Act of 1858, authorizing a party to a suit to be made a witness. 2d. That by the pleadings, the defendant, Gill, had charged a fraud and collusion between the plaintiff and defendant, Duncan C. Campbell, and that they stood, as far as he was concerned, in the attitude of defendants; and that his evidence, for this reason, was illegal. 3d. That from the state of the pleadings, the defendant, Duncan C. Campbell, was not a competent witness for the plaintiff, and that his whole evidence was incompetent and illegal, in the premises."

These objections were overruled by the court, and the said defendant was permitted to testify; to which the defendant, Gill, excepted.

There was a verdict in favor of the plaintiff, and a judgment foreclosing the mortgage, and perpetuating the injunction, restraining the defendant, Gill, from disturbing or annoying the

plaintiff, in the quiet and peaceable enjoyment of the said lot. And a motion by the defendant, Gill, for a new trial, having been overruled, he appealed.

*Hancock & West*, for the appellant.

*Jones & Petty*, for the appellee.

WHEELER, C. J.—We are of opinion, that the court erred in admitting the testimony of the defendant, Campbell. It is true, that the statute authorizes a party to a suit, to make the adverse party a witness, in the same manner, and subject to the same rules, which apply in the case of any other witness. (O. & W. Dig., Art. 481.) Either party, if he sees proper, may make his adversary a witness against himself. But it does not follow, that he may make him a witness against a third person, who is a party to the record, merely because the person called is also a party, when otherwise he would be incompetent. That was not the object of the statute. It was simply to compel a party to give evidence against himself. But the defendant, Campbell, was not called to give evidence against himself. He had not put in any defence to the action. There was no issue to try between himself and the plaintiff. The evidence was not needed to make out the case against himself, and was not offered for that purpose, but solely to make out the case against his co-defendant. The statute did not aid its introduction for that purpose.

The merely being a party to the record, did not render the defendant, Campbell, incompetent; but he was incompetent on the score of interest, and his being a party did not remove his incompetency. The property in question, had been sold in satisfaction of judgments against him. The judgment in favor of the defendant, Gill, had been satisfied. He was not seeking to enforce his judgment in this suit, but to maintain his title as the purchaser of the property. If he failed, that would not reinstate his judgment against his co-defendant, Campbell; but it would

enable the latter to have the property disposed of, in satisfaction of the debt he owed the plaintiff. The defendant, Campbell, therefore, had an interest in the event of the suit adversely to his co-defendant, against whom he was called to testify, and in favor of the plaintiff calling him. It was not the case of a witness, whose interest is balanced between the parties. The interest was all on one side. The party was therefore incompetent as a witness, and the court erred in admitting him to testify; for which the judgment must be reversed and the cause remanded.

Reversed and remanded.

The appellee's counsel subsequently made application to the court for a rehearing.

*Jones & Petty*, for the motion.—The witness, D. C. Campbell, was a competent witness, his interest being equally balanced between the parties. If the plaintiff, Campbell, recovered the property from Gill, then the latter could be substituted in the place of the creditor, or in other words, his debt and judgment would be revived against D. C. Campbell. (See Howard v. North, 5 Texas Rep. 290.) Again, the fraudulent vendor, though a party to the suit, and of course interested, (whether a party or not,) is a competent witness. (See William G. Hall and wife v. James Murphy, 14 Texas Rep. 637; and George Hancock v. John Horan, 15 Id. 507.) These two cases are conclusive of the case at bar. In the former, the fraudulent vendor, though a party to the suit, was declared competent, and in the latter, not being a party, he was declared to be competent. In this latter case, the suit (as in the case under consideration,) was for the recovery of town lots sold under execution. We most respectfully call the attention of the court to these authorities, and respectfully ask for a rehearing in this case.

Again, the objection of interest was not made to the witness, Campbell, in the court below, and cannot now be heard

for the first time in this court. The law, in our opinion, settles beyond controversy, the competency of D. C. Campbell, and the jury have decided upon his credibility.

WHEELER, C. J., on application for a rehearing.—The cases cited in support of this application, are not in point. This is not the case of a suit by the judgment debtor to recover back property sold, and purchased by the judgment creditor under a void judgment, or void process. A recovery by this plaintiff would not revive the judgment of the defendant, Gill, against his co-defendant. Nor is it the case of a witness whose interest is balanced, or is adverse to the party calling him. If the effect of a recovery by the plaintiff would have been to revive the judgment in favor of the co-defendant, as supposed, that would not have balanced the interest of the witness. That occurs where the witness is equally interested on both sides of the cause; so that his interest on one side is counterbalanced by his interest on the other. But if there is a preponderance in the amount or value of the interest on one side, the witness is interested to the amount of the excess, and is disqualified to testify on that side. (1 Greenl. Ev. § 420.) The judgment was greatly less than the plaintiff's demand against the witness, which the effect of the witness's testimony was to satisfy with the property in controversy. But it was not a case of the preponderance of interest, merely, in favor of the party calling the witness. His interest was all on that side.

It is suggested, that the objection of interest was not made to the witness at the trial. It was not, in terms. But the third objection, stated in the bill of exceptions, is, that "from the state of the pleadings, the defendant, D. C. Campbell, was not a competent witness for the plaintiff," &c. We are thus referred to the state of the pleadings for the ground of objection; and they present him in the attitude of an interested party to the suit. That is the attitude in which both the second and third grounds of objection, stated in the bill of exceptions, sought to present him; and we think the objection well taken. We see no cause

to doubt the correctness of the judgment heretofore rendered, reversing and remanding the case.

Rehearing refused.