WROUGHT IRON RANGE CO. ET. AL. v. W. H. BROOKER.

IN COURT OF APPEALS, AUSTIN TERM, 1884.

*Execution—Corporation.*—Where the same persons compose a firm, and a corporation, the property of the corporation is subject to execution issued upon a judgment against the firm.

*Foreign Judgment*—Where it is sought to attack collatterally a foreign judgment which is the basis of a judgment obtained in this state, facts must be alleged and proven which render such foreign judgment void.

Appeal from Grayson county.

C. N. Buckler, for appellant.
Finley & Pasco, for appellees.

Willson, J.: Appellee, Brooker, had an execution levied upon certain property, as the property of Culver Bros., which was claimed by appellant, the Wrought Iron Range Co., and appellant made affidavit and gave bond for the trial of the right of property in accordance with the statute.

Appellant pleaded as follows:

1. Defendant denies the right of plaintiff to subject the property in controversy in this suit to his execution because his alleged judg-

ment is against W. W. Culver, H. H. Culver and L. L. Culver alleged to be partners and doing business under the firm name of Culver Bros., and that the said Wrought Iron Range Co., the defendant herein is a corporation, and that the members of the said corporation are said W. W. Culver, H. H. Culver and L. L. Culver, and no other person or persons and not to the partnership firm of Culver Bros., and that said property is in no way subject to the debts of said firm of Culver Bros.

2. It further says that the execution which was levied on said property, and the judgment from which said execution issued are null and void, and can not be enforced against any one, because the judgment on which the same was issued, was rendered on service by publication and was not a proceeding *in rem* and was *exparte.* No property was attached or in any way proceeded against to give the court jurisdiction, and that said firm of Culver Bros. did not appear in person or by an attorney of their own selection, and in no way had notice of the pending of said suit in which said judgment was rendered, until this execution was levied on this property, and that they were non-residents.

3. Said judgment and the execution issued thereon are void for the further reason, to-wit: The suit in which said judgment was rendered, was founded on a justice's judgment rendered in the state of Georgia against said firm of Culver Bros., who were at the time of the rendition of said judgment residents of the state of Missouri, that the said judgment rendered in the state of Georgia was rendered, without any notice or service of summons on them or either of them, or on any one lawfully representing them and that they nor either of them in any way authorized any one to waive service of summons, nor did they or either of them waive the issuance of summons nor did they or either of them appear in person in said court, or by attorney duly authorized, and that they nor either of them had any notice whatever of the pending of said suit in the state of Georgia nor of the rendition of judgment in said court.

Appellee demurred · generally to this foregoing pleading and his demurrer was sustained and the said pleading was dismissed.

Appellant declined to amend, and the court thereupon rendered judgment against it and its sureties upon the claim bond for the value of the property levied upon and for interest and damages, amounting in all to $166.

Did the court err in sustaining the general demurrer to appellant's pleading? The first plea denied the right of appellee to subject the property to his execution, because said property belonged to appellant. This might have been a good plea upon general demurrer, if it had stopped here, but it went further and alleged the defendant in execution and the persons composing the appellant corporation were the same, that the firm of Culver Bros. constituted also the Wrought Iron Range Co. These being the facts, the property in controversy, did in fact belong to the defendants in execution, and was subject to their debts. It is true, that this property, if it was a part of the assets of the corporation, would first be subject to the debts of said corporation, but it is not alleged that said corporation ever owed any debts, or that the said property was in any way charged with any liability by reason of its being assets of said corporation. In the absence of such allegations it is to be presumed that said property was wholly unincumbered as the property of said corporation, and therefore as it belonged to the defendants in execution, they being the members of that corporation, it was of course subject to execution for their debt. We think this plea upon its face showed that the property was subject to appellee's execution, and therefore presented no defense to the issues pleaded by appellee. The second plea does not allege that at the time of the institution of the suit or of the service by publication Culvert Bros. were *non-residents* of this state. It alleges that they were non-residents, but does not state their residence nor name the place of which they were non-residents. They may have been *residents* of Texas and *non-residents* of New York for aught that appears from this plea. Nor does it appear from the plea *when* they were non-residents, whether before, at the time of, or after the proceedings complained of in said plea. Considering as true every matter alleged in this plea it does not in our opinion present a valid, legal defense against appellee's claim upon the property. If the facts were, that the judgment against Culver Bros. in favor of appellees was obtained upon service by publication, and that Culver Bros. were at the time of the institution of the suit and of such service non-residents of this state and that no property of theirs within this state, was brought within the jurisdiction of the court by the proper process, then the proceedings being *in personam*, the judgment and execution would be void and could not form the basis of a recovery in these proceedings. Smith

& Zeigler v. Stern & Martin, 3 Texas Law Reporter p. 74. But no such state of facts is presented in the plea under consideration.

Appellants third plea seeks to attack the validity of the judgment rendered in Georgia, which formed the basis of the judgment in this state. It is not alleged that the Georgia court did not acquire jurisdiction over the person of the Culver Bros. by virtue of some local law of that state. "It is perfectly well settled that if a judgment is rendered upon constructive service authorized by the laws of the state where rendered, such judgment will be held as valid and binding by its courts, to the extent of their operation by the local law as if rendered upon personal service on the defendant. It is competent for each state to prescribe the mode of bringing parties before its courts. Although such regulations can have no extra territorial operation, they are nevertheless binding on its own citizens. For in respect to its own resident citizens, it is undoubtedly competent for the legislature to prescribe such modes of judicial proceedings as it may deem proper, to direct the manner of serving process, the notice which shall be given to defendants, and to declare the effect of a judgment rendered in persuance of such notice." Thouvenin v. Rodrigues, 24 Texas, 468. It may have been that the Georgia court acquired jurisdiction over Culver Bros. by attaching their property in that state, or in some other mode provided by the law of that state, other than that actual personal notice to them. Appellants plea does not directly and clearly negative such conclusion. True, it alleges that at the time of the rendition of said judgment Culver Bros. were residents of the state of Missouri, but it does not allege that they were not resident citizens of Georgia at the time of the institution of said suit against them, and if they were, they were subject to the jurisdiction of the courts of Georgia, and their subsequent removal to Missouri would not defeat the jurisdiction already attached by the institution of the suit, nor would it render negatory any constructive notice had upon them in accordance with the law of Georgia. We think this plea fails to allege facts which show that the judgment rendered in Georgia was void, and unless it was shown to be a void judgment, it could not be attacked collaterally in the manner here attempted.

We are of the opinion that there was no error in the judgment of the court sustaining the general demurrer to appellants pleading and dismissing the same. We think, furthermore, that the judgment as

rendered against the appellant and its sureties, is in accordance with the statute.

The judgment is affirmed.