WESTERN UNION TELEGRAPH COMPANY v. WM. C. SNODGRASS.

No. 957.  Decided January 17, 1901.

1.  Telegraph Company—Gratuitous Service—Liability for Negligence.

It is not necessary for a plaintiff seeking recovery for negligent delay in delivery to him of a telegram to allege and prove payment or obligation of payment to defendant for the transmission of the message.  (P. 287.)

2.  Same.

The telegraph company being bound to accept and transmit messages presented to it, with the right to charge toll therefor, became liable to the addressee for failure to exercise due care, upon accepting the message for transmission, though performing the service without compensation and as a courtesy to the sender, a clerk in its employ.  (Pp. 287, 288.)

QUESTION CERTIFIED from the Court of Civil Appeals, Fourth District, in an appeal from Bexar County.

*Norman J. Kittrell* and *Webb & Finley*, for appellant.—The telegraph company, acting by and through its manager, as a personal favor for and compliment to an employe, allowed such employe to use the telegraph service without charge therefor.  The free telegraph service was not given as a personal favor for and compliment to the party to whom such free message was sent.  Under such circumstances, the party to whom the free message was sent can not maintain an action for negligence in the delivery of the free message.

Party number one secures from a telegraph company a favor and compliment in the form of a free use of the telegraph service in one instance.  The favor and compliment is expressly for the benefit of party number one.  The message is sent to party number two, whom the telegraph company does not know, does not favor and compliment, and has no contractual relation with.  It is therefore clear that party number one can not be the agent of party number two for the purpose of securing a favor and compliment, that is, a gratuitous service, which the telegraph company is alone willing to accord to party number one.

Under the facts as disclosed in this assignment, if any action could at all arise, which the appellant denies, it would be an action to be maintained by the sender of the message, the party to whom the free service of the telegraph was given, in the event that such party could show damage of any legal nature, the liability, if any, being determined by the degree of care required in the case of a gratuitous bailment. 14 Am. and Eng. Enc. of Law, 2 ed., 1116; Georgia Penitentiary Co. v. Nelms, 65 Ga., 499; 1 Beach, Mod. Law of Con., sec. 201, p. 245.

A telegraph company is not a common carrier, and is not held to the same degree of strict responsibility. Telegraph Co. v. Neill, 57 Texas, 288; Gray's Com. by Tel., sec. 8, p. 12; Thomp. on Law of Elec., sec. 137, p. 161; 6 Am. and Eng. Enc. of Law, 2 ed., 261; Am. and Eng. Enc. of Law, 1 ed., subject, "Common Carriers;" 2 Sedg. on Dam., sec. 875, p. 659.

If any liability at all arises under the facts as contained in the appellee's petition, and reaffirmed under this assignment, which the appellant denies, the liability would be that which arises in the case of a gratuitous bailment, in which event the appellant would be held only to the exercise of slight care, and not to the exercise of ordinary care. Telegraph Co. v. Neill, 57 Texas, 288; 3 Am. and Eng. Enc. of Law., 2 ed., 743-745.

In the event of any liability upon the part of appellant to the appellee under the facts of this case, the liability would be that of a gratuitous bailee, in which event the appellant would be liable for slight care and not for ordinary care. Gray's Com. by Tel., sec. 10, p. 17, also sec. 11, p. 19; 3 Am. and Eng. Enc. of Law, 2 ed., 734; Pinckney v. Telegraph Co., 19 S. C., 71; Telegraph Co. v. Fontaine, 58 Ga., 433.

Under the facts as disclosed, if any action could at all arise, which the appellant denies, it would be an action to be maintained by the sender of the message, the party to whom the free service of the telegraph was given, in the event that such party could show damage of any legal nature, the liability, if any, being determined by the degree of care required in the case of a gratuitous bailment. 14 Am. and Eng. Enc. of Law, 2 ed., 1116; 1 Beach, Mod. Law of Con., sec. 201, p. 245; Telegraph Co. v. Neill, 57 Texas, 288; Gray's Com. by Tel., sec. 8, p. 12; Thomp. on Law of Elec., sec. 137, p. 161; 2 Sedg. on Dam., sec. 875, p. 659, and all other authorities called for in this brief.

Appellant feels safe in saying that whatever may be the phraseology of the certified question that the substance thereof is: Was appellant by extending and according to Annie Snodgrass a purely personal favor and courtesy by sending free of charge a message to her brother, so put in contractual relation with that brother as to thereby become responsible in damages to him whom its agents had never seen or in

anywise agreed or contracted with? To this inquiry appellant confidently asserts the reply must be in the negative:

(1) Because its agreement with or promise to Annie Snodgrass was not a contract in any legal sense of that term, because wanting in the essential element of a contract,—a consideration.

(2) The appellee could not make his sister his agent to procure from appellant's agent the extension to her of a purely personal favor, which appellant's agent might extend or withhold at his discretion. This is obviously true:

(3) The agreement to send the message having been a nudum pactum and not enforcible at law, appellee can not recover upon a contract. Then can he recover as in action for tort?

(4) The elements of a tort do not enter into the cause. A tort is equivalent to a civil wrong and is an injury inflicted otherwise than by mere breach of contract. It is the disturbance of another's rights which the law has created in the absence of contract or in consequence of a relation which a contract has established between the parties. 26 Am. and Eng. Enc. of Law, 72. There was no contract, and what "rights" of W. C. Snodgrass had been or ever were established "in the absence of a contract?" Certainly not the right to have the courtesy of a free message extended to his sister.

It is to state an axiomatic truth to say that obligation based either on public duty or valuable consideration must precede all liability. No man can be held responsible for not doing what he was not obliged to do, or had not legally bound himself to do. The performance of a gratuitous promise can not be enforced at law. 1 Beach on Law of Mod. Con., secs. 5, 147. A mere voluntary courtesy will not uphold an action for assumpsit. 1 Beach on Law of Mod. Con., sec. 649. To entitle a third party to sue there must have been a valid contract between the original parties. Beach, sec. 201; 85 N. Y., 30. Where the liability to do an act arises merely from an agreement to do it upon a good consideration, and there is no such relation between the contracting parties as would involve a common law duty in the performance, then nonperformance is not such breach of duty as can be made the subject of an action of tort. 1 Jacobs' Fisher's Dig, 114; Courtney v. Earle, 10 C. B., 73; 16 Jur., 831; 21 L. J. Exch., 138.

This court has often sustained recovery in telegraph cases where, for a valuable consideration paid for the benefit of the addressee, a third party, the appellant, has undertaken to send a message, but in every instance such an undertaking was based on that essential element of a contract, a consideration, thereby creating a privity of duty. The mere extension of a personal courtesy to Annie Snodgrass and a promise without consideration to send a free message did not create a privity of duty.

*C. A. Keller* and *Mason Williams,* for appellee.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fourth District has certified to this court the following statement and question:

"This suit was brought by the appellee against the Western Union Telegraph Company to recover damages on account of the alleged negligence of the latter in failing to deliver him the following message within a reasonable time.

" 'Number 151.

" 'Sent by S. A. Z. B. J.       Rec'd. by 5 D. H.        Received at,
                      " 'Dated,      San Antonio, Texas, Oct. 18.

" 'To Wm. C. Snodgrass, N.

    " 'No. 345 Main St., Second Floor, Dallas, Texas:

        " 'Come next train.   Mamma sinking.
                             " 'ANNIE SNODGRASS.    7.13 P.'

"Annie Snodgrass, the sender, is a sister of appellee to whom the dispatch was addressed, and was acting as his agent and at his request in sending the telegram.   At the time she sent the telegram she was appellant's bookkeeper in its offices at San Antonio; and the manager of the company, for her accommodation, allowed her to send the message free and no charge was made for its transmission, nor was any toll paid for it either by the sender or sendee.

"The appellant failed to exercise ordinary care in delivering the message to appellee, and on account of the delay occasioned by such failure, it was not received by appellee in time to reach his mother's bedside before her death; but if appellant had exercised ordinary care, he would have received it in time and gone to see her before she died.   On account of his inability to reach his mother after receiving the message before her death, he sustained great mental pain and anguish.

"The petition of appellee does not allege any payment to appellant, or any pecuniary obligation incurred to it by anyone for the transmission of the message, and the undisputed evidence shows there was none.

"Question:   Was it necessary for the appellee to allege and prove, as a prerequisite to his right of recovery, payment or obligation of payment to appellant by either him or his sister for the transmission of the telegram?"

To the question propounded, we answer no.   The telegraph company was bound to accept and transmit messages presented to it, with the right to charge toll therefor.   Having accepted the message for transmission without compensation, a want of consideration is no defense to an action for damages arising out of its negligence in failing to deliver it.   Clavin v. Rhode Island Hospital Co., 12 R. I., 411; McCandless v. McWha, 22 Pa. St., 269; Coggs v. Bernard, 1 Smith's Lead. Cas., 8 ed., 369; Whart. on Neg., sec. 505, et seq.; Story on Bailments, sec. 182.

In the case of Clavin v. Rhode Island Hospital Company, above cited, plaintiff sued for damages suffered through unskillful treatment by an

employe of the hospital, a corporation, and, among other things, it was claimed in defense that the treatment was gratuitous, therefore the defendant was not liable for damages arising out of the failure of its employe to use proper skill. The court said: "We understand the doctrine of the cases which we have just been considering to be this: That where there is a duty, there is, prima facie at least, liability for its neglect, and that when a corporation or quasi corporation is created for certain purposes which can not be executed without the exercise of care and skill, it becomes the duty of the corporation or quasi corporation to exercise such care and skill; and that the fact that it acts gratuitously and has no property of its own in which it has beneficial interest will not exempt it from liability for any neglect of duty, if it has funds, or the capacity of acquiring funds, for the purposes of its creation which can be applied to the satisfaction of any judgment for damages recovered against it."

In Coggs v. Bernard, before cited, the plaintiff sued the defendant for having negligently caused the destruction of some casks of brandies while gratuitously removing them from one place to another. Lord Holt said: "But, secondly, is is objected that there is no consideration to ground this promise upon, and therefore the undertaking is nudum pactum. But to this, I answer that the owners trusting him with the goods is a sufficient consideration to oblige him to a careful management. Indeed, if the agreement had been executory to carry these brandies from the one place to the other such a day, the defendant had not been bound to carry them. But this is a different case, for assumpsit does not only signify a future agreement, but, in such a case as this, it signifies an actual entry upon the thing and taking the trust upon himself. And if a man will do that and miscarries in the performance of his trust, an action will lie against him for that, though nobody could have compelled him to do the thing."

The authorities are uniform that whenever a person receives the property of another and gratuitously undertakes to perform some act with reference to it, negligence in the performance of the act will not be excused by the want of consideration. This case is fully within the letter and the spirit of the authorities, and there was no necessity for the plaintiff to allege that any sum was paid or agreed to be paid for the service of transmitting and delivering the message.