Western Union Telegraph Company v. Dona Rowe et al.

Decided October 31, 1907.

**1.—Pleading—Telegram—Contract.**

An allegation that plaintiff's agent delivered to defendant, a telegraph company, a message for transmission, and paid the customary charge therefor, is sufficient to show a contract by defendant to transmit and deliver it, without pleading the legal conclusion that defendant undertook so to do.

**2.—Pleading—Wife's Separate Property.**

An allegation that plaintiff, who sued as a married woman joined by her husband, was a feme sole at the time of the negligent delay by defendant in the transmission and delivery of a telegram to her, for which she sought damages, was sufficient to show that she sued for same as her separate property, and not community.

**3.—Pleading—Demurrer—Evidence.**

An exception to the overruling of a special demurrer can not be aided by evidence introduced on the trial.

**4.—Pleading—Evidence.**

An allegation that plaintiff, had the telegram to her been delivered in proper time, could and would have attended the funeral of a brother, was sufficient, without pleading the evidence by which such fact was to be established.

**5.—Telegraph Company—Office Hours.**

The omission, from a paragraph of the general charge, of reference to the effect of the regulations of a telegraph company as to office hours, in qualifying its duty as to prompt transmission and delivery of a dispatch, was not prejudicial where, in another paragraph, the effect of such regulations on defendant's liability was properly stated.

**6.—Proximate Cause—Delay of Funeral.**

The refusal of those in charge of a funeral to delay same for another day to permit plaintiff to attend did not destroy her right to recover from a telegraph company for its negligence in delivery of a message which might have enabled her to be present on the day fixed.

**7.—Telegraph Company—Office Hours—Rush Message—Pleading.**

Where the defendant telegraph company pleaded and proved its regulations as to office hours in excuse for delay in transmitting a message, and plaintiff in rebuttal proved, without objection, an agreement, on receiving the message, to "rush" same, it was immaterial that plaintiff had not declared on such special undertaking.

**8.—Charge.**

Requested instructions, substantially embraced in the charge given, or without evidence to support them, were properly refused.

**9.—Damages—Plaintiff's Duty to Avoid.**

Plaintiff was not precluded from recovering damages for inability to attend the funeral of a relative through failure of the telegraph company to transmit in due time a message announcing the death by the fact that she had received and had not acted on a previous message announcing his illness.

**10.—Bills of Exception.**

Objections to the admission of evidence can not be considered on appeal where the bills of exception were not presented and signed within ten days from the trial.

Appeal from the District Court of Hopkins County. Tried below before Hon. R. L. Porter.

*N. L. Lindsley,* for appellant.—Where it does not appear that the defendant accepted, agreed and undertook to transmit the message, it is error for the court to overrule exceptions to the petition for such failure. Western U. Tel. Co. v. Henry, 87 Texas, 165; Lewis v. South Western Tel. & Tel. Co., 59 S. W. Rep., 303.

Plaintiff is required to both allege and prove that means were at hand, and such facts as were relied upon to have enabled plaintiff to be at the funeral, and a failure to allege such facts will preclude plaintiff from proving what would have been done. Sayles' Pleadings, sec. 27, and authorities there cited.

Where it appears that the proximate cause of plaintiff's failure to be present at the burial of a relative was the act of plaintiff's agent rather than the act of the defendant company, the defendant will not be held responsible, notwithstanding it may be proven to have been negligent in either the transmission or delivery of the message on which suit is brought. Western U. Tel. Co. v. Andrews, 78 Texas, 306.

It is error for the court to instruct the jury that they shall determine the question of defendant's liability for the transmission and delivery of the message outside of its established office hours, in the absence of it being both pleaded and proven that the defendant contracted to transmit and deliver the message without reference to office hours. Western U. Tel. Co. v. Elliott, 7 Texas Civ. App., 486; Houston E. & W. T. Ry. Tel. Co. v. Davidson, 39 S. W. Rep., 605.

*Leach & McBride* and *R. D. Allen,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—Appellees brought this suit in the court below against appellant to recover damages for alleged delay in transmitting a telegraphic message. The trial before a jury resulted in a verdict and judgment in favor of appellee Mrs. Dona Rowe for the sum of $800.

Appellant's first and third assignments of error complain of the action of the court below in overruling its general demurrer to appellees' petition, and its special exception thereto, which assailed it upon the ground that said petition failed to allege any contract with appellant to transmit and deliver the message in question. We think the appellees' petition alleged facts sufficient to show a contract made on the part of appellant to transmit and deliver the message, which is all that is necessary, it not being required that the pleader should state the conclusion that a contract had been made or entered into. (Stuart v. Western U. Tel. Co., 66 Texas, 580; Loper v. Western U. Tel. Co., 70 Texas, 689.)

We think the allegation that at the date the alleged damages accrued, appellee Dona Rowe was a feme sole, was sufficient to show that such damages were her separate property. Hence we overrule appellant's second assignment of error.

The contention urged in appellant's fifth assignment of error was not embraced in its special exception upon which this assignment is predicated, and an exception to a petition can not be aided by the testimony developed upon the trial.

Appellant's fourth assignment of error is overruled. It was not nec-

essary for appellees to plead the evidence by which they intended to support the allegation in their petition to the effect that had appellant duly transmitted and delivered the telegram, appellee Dona Rowe could and would have left Iowa Park on the afternoon of October 21, and have arrived in Sulphur Springs on the afternoon of October 22, 1904, at one o'clock, in time to have attended the funeral services of her brother.

The court did not err in giving to the jury the fifth and sixth paragraphs of its charge, as same were authorized by the pleadings and evidence; and the court in another paragraph of its charge properly instructed the jury as to appellant's rights under its rules as to office hours.

The seventh paragraph of the court's charge complained of in appellant's eighth assignment of error, was properly given to the jury in view of the evidence in this case; especially that of appellee Dona Rowe to the effect that as soon as she received the message and found she could not get a train that day in time to reach Sulphur Springs in time for the funeral, she immediately called her brother Wayland McBride, who had charge of the funeral, over the telephone, and requested him to postpone the burial to such time that she could attend, and he answered that he could not hold him out any longer, that the burial would take place on the afternoon of 22d October, 1904, which testimony was corroborated by Wayland McBride.

The court below was warranted in giving to the jury the eighth paragraph of its charge, and in refusing to give to it appellant's special instruction number 9, in view of the requested special charges numbers 3 and 8 of appellant, which were refused by the court but the substance of which was embraced in said paragraph 8 of the court's main charge, and said requested charge number 9 was inconsistent with appellant's requested special charge number 8. (Western U. Tel. Co. v. Bryson, 61 S. W. Rep., 548; International & G. N. R. R. Co. v. Crook, 56 S. W. Rep., 1005; International & G. N. R. R. Co. v. Sein, 89 Texas, 67; Missouri, K. & T. Ry. Co. v. Ferris, 23 Texas Civ. App., 218.) While it is true that appellees did not allege in their petition that appellant agreed to transmit or deliver the message outside of its regular office hours, appellant, as a defense to appellees' cause of action, pleaded its regular office hours, and alleged that the message was received outside of same, and introduced testimony in support of such allegations, and in rebuttal of such testimony appellees, without objection on the part of appellant, introduced evidence of an agreement by appellant's agent when he received the message to rush it. We think this testimony justified the charge complained of; especially in connection with the fact that appellant requested the special charges above mentioned.

Appellant's twelfth and sixteenth assignments of error complain of the refusal of the court below to give to the jury its requested special instructions numbers 3 and 8. As above stated, these instructions were substantially embraced in paragraph 8 of the court's main charge. There was no testimony authorizing appellant's special charge number 5, hence its refusal was not error; and, besides, the court properly instructed the jury on the subject to which said special charge related in its main charge.

The matter embraced in the seventh special charge requested by appellant would constitute no defense to appellees' cause of action, as the telegrams referred to in said special charge had nothing whatever to do with the telegram, the basis of this suit, or the conduct of appellee Dona Rowe in reference thereto.

Appellant's other assignments of error relate to the admission of certain testimony by the court below over its objections. We are not required to consider these assignments of error as the bills of exception taken to the action of the court in the respects stated were not presented to and approved by the trial court within ten days after final trial. (Sayles' Rev. Stats., art. 1193; San Antonio & A. P. Ry. v. Holden, 23 Texas Civ. App., 146.) However, we do not think that appellant points out any reversible error in the action of the court complained of under these assignments.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.