WESTERN UNION TELEGRAPH CO. v.
JOHNSON. (No. 1070.)

(Court of Civil Appeals of Texas. El Paso.
Feb. 12, 1920. Rehearing Denied
Feb. 26, 1920.)

1. TELEGRAPHS AND TELEPHONES ☞65(2)—
DAMAGES FOR MENTAL DISTRESS SUFFICIENTLY AVERRED.

A petition, alleging that plaintiff's telegram, reading, "Mr. J. not expected to live come at once," was delivered to defendant's agent, who was advised that J. was ill and not expected to live, and that the addressee was the son of plaintiff and stepson of. her husband, J., and that she desired his presence at once, *held* sufficiently to allege that defendant had notice that plaintiff would suffer mental anguish in case the message was not properly transmitted.

2. TELEGRAPHS AND TELEPHONES ☞38(6) —
MESSAGE SUFFICIENT NOTICE THAT SENDER WOULD SUFFER MENTAL ANGUISH IF NOT PROMPTLY DELIVERED.

Where plaintiff wrote, "Come at once, death message, mother," and defendant's agent changed the wording to, "Mr. J. not expected to live, come at once, Mother," the messages, taken together, constituted notice that the message was sent for the benefit of the plaintiff, the mother, and that she would likely suffer mental anguish if it should not be delivered promptly, and therefore deprive her of the presence of her son, the addressee.

3. TELEGRAPHS AND TELEPHONES ☞38(1) —
EVIDENCE OF CONSIDERATION FOR TELEGRAM UNNECESSARY FOR RECOVERY OF DAMAGES FOR MENTAL ANGUISH CAUSED BY DELAY.

Damages for mental anguish caused by failure to promptly deliver a death message may be recovered without showing that the telegraph company received a valuable consideration for transmitting it.

4. TELEGRAPHS AND TELEPHONES ☞65(6) —
ROUTE AVAILABLE TO ADDRESSEE IN DELAYED DEATH MESSAGE. SUFFICIENTLY ALLEGED TO ALLOW PROOF.

Allegations, in a petition for damages for mental anguish caused by failure to promptly deliver a death message to plaintiff's son, "that if the message had been delivered * * * he could have started for K. to be with plaintiff, and by the customary routes of travel from L. to K., to wit, from L. to B. S. by automobile route, same being the regular used and traveled passenger route, and from B. S. to K. via railway travel," etc., sufficiently stated what facilities the son could avail himself of in reaching K., and the son was properly permitted to testify to the route he took, which, if the telegram had been promptly delivered, would have carried him to K. in time.

5. TELEGRAPHS AND TELEPHONES ☞71 —
$1,000 FOR MENTAL ANGUISH BY DELAY OF TELEGRAM NOT EXCESSIVE.

One thousand dollars damages was not excessive for mental anguish, caused a mother by failure to promptly deliver a message to her· son, so that he could come· to her in her bereavement on the death of her husband.

Appeal from District Court, Dawson County.; W. R. Spencer, Judge.

Action by Mrs. R. L. Johnson against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Veale & Lumpkin, of Amarillo, for appellant.
McGuire & Warren, of Lamesa, for appellee.

HARPER, C. J. This is an appeal by the Western Union Telegraph Company from a judgment for $1,000 in favor of Mrs. R. L. Johnson, as damages for the alleged failure to deliver a message within a reasonable time.

The first and second assignment is that the court erred in not sustaining defendant's general demurrer and special exceptions to plaintiff's first amended petition, because:

First. It is not shown nor alleged that at the time defendant accepted the message for transmission and delivery it had notice that plaintiff would suffer any mental anguish in case the message was not promptly transmitted.

Second. Because the telegram was not sufficient to put the agent of the company on notice that it was a summons to her son to attend his mother in distress, nor is it shown in said petition that any other notice was given at the time the message was delivered to it for transmission.

The petition sets out the following telegrams: .

"Kosse, Texas, May 12, 1918.
"Rev. J. W. Smith, La Mesa, Texas. Mr. Johnson not expected to live come at once.
"Mother."

"La Mesa, Texas. May 13, 1918.
"Mrs. R. L. Johnson, Kosse, Texas. Will leave Big Springs at 5:36 p. m. for Kosse.
"Rev. J. W. Smith."

And it is alleged:

"That she gave said first message to one Mills, to be delivered to the defendant. That said Mills upon the morning of May 12th, delivered said message to the agent of defendant at Kosse, Tex. * * * and at said time advised said agent that said R. L. Johnson was very ill and not expected to live. That Rev. J. W. Smith was the son of plaintiff and the stepson of her said husband. That she desired his presence at once, as said message also notified him, and that she would expect him to answer said message by telegram over defendant's line upon receipt thereof."

[1] These allegations are sufficient to admit the proof over both the general and special exceptions. Western Union v. Hidalgo, 99 S. W. 426.

[2] The third, fourth, and fifth urge that the telegram quoted was not sufficient of itself to inform the defendant company that plaintiff would suffer mental anguish for the want of the consoling presence of her son in case of failure to promptly deliver the message, and that there is no other evidence that the company had notice. The message quoted shows upon its face that it was a death message from mother to son, and should be held to be sufficient notice of itself, but the evidence shows that the agent of the company who received the message had been a close neighbor of the plaintiff and her husband for 18 months, and well acquainted. The first message delivered to him, written by plaintiff, reads:

"Come at once, death message, Mother."

The agent changed the wording to:

"Mr. Johnson not expected to live, come at once, Mother"

—and wrote underneath:

"Message as sent to office reworded as per the suggestion and approval of Mr. Mills. Phone reply C. A. Mills."

Taken together, they constitute notice that the message was sent for the benefit of the plaintiff, and that she would likely suffer mental anguish if because of the negligence of the company it should not be delivered promptly, and therefore deprive her of the presence of her son. Western Union Telegraph Co. v. Barrett, 207 S. W. 976; Horn v. Western Union Telegraph Co., 194 S. W. 386.

[3] The sixth is that the evidence does not show that defendant received any valuable consideration for transmitting the message. The Supreme Court, in Telegraph Co. v. Snodgrass, 94 Tex. 284, 69 S. W. 308, 86 Am. St. Rep. 851, has held that it is not necessary.

[4] The seventh is that the court erred in overruling the following exception to the petition: The allegation that plaintiff's son would have gone to Kosse by the usual route of travel, etc., is insufficient because it fails to state over what lines of transportation or what facilities or agencies he would have availed himself of in reaching the town of Kosse.

And the eighth is that it was error to permit J. W. Smith to testify to the route he took in reaching Kosse because the petition failed to allege the route. The allegations are:

"That if the message had been delivered by 2:06 p. m. May 12th, * * * he could and would have immediately started for Kosse to be with plaintiff, and by the customary routes of travel from La Mesa to Kosse, to wit, from La Mesa to Big Springs, Tex., by automobile route, same being the regular used and traveled passenger route, and from Big Springs to Kosse, Tex., via railway travel. * * *" Telegraph Co. v. Morrow, 208 S. W. 689.

The evidence is that he started on the 13th, and, by traveling over the route named to Big Springs, thence by railway to Ft. Worth, and then to Kosse, made such time as shows would have put him there in time if the telegram had reached him so he could have started on the 12th. We are of the opinion that the pleading and proof are sufficient. Western Union Telegraph Co. v. Rowe, 44 Tex. Civ. App. 84, 98 S. W. 228.

[5] In answer to the ninth, we do not feel inclined to hold the verdict excessive under the facts of this case.

Affirmed.