## WESTERN UNION TELEGRAPH CO. v. MELEAR. (No. 8373.)

(Court of Civil Appeals of Texas. Galveston.
May 7, 1923. Rehearing Denied
May 31, 1923.)

**1. Telegraphs and telephones** ⊗═65(1)—**Allegation of consideration for transmission of message held sufficient.**

A petition alleging that defendant was a public service corporation engaged in the business of transmitting telegraphic messages for hire, that plaintiff deposited with it and had accepted by it a telegram for transmission, and that for an agreed consideration it contracted in the conduct of its business to deliver the message with reasonable dispatch, sufficiently alleged the consideration for the contract to transmit the message, though it did not allege what the consideration was.

**2. Telegraphs and telephones** ⊗═35—**Finding held to show consideration for transmission of message.**

A finding that plaintiff did much business with a telegraph company and carried a monthly telegraphic account running from $35 to $70 per month, a greater part of which was for messages connected with his business, was sufficient to prove consideration for the transmission of the message in controversy which related to plaintiff's business.

**3. Telegraphs and telephones** ⊗═66(4)—**Evidence held to show transmission of message would have effected binding contract.**

Where both the sender and addressee of a telegraphic message stated they had a previous understanding whereby plaintiff was to purchase cotton for the addressee, and the addressee would buy it from plaintiff if informed of the purchase on that day, and that if a telegram advising of the purchase had been delivered both parties would have regarded the transaction as a binding contract of sale, the evidence was sufficient to show that the nondelivery of the message deprived the sender of his contract for sale.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by O. K. Melear against the Western Union Telegraph Company. Judgment

for plaintiff, and defendant appeals. Affirmed.

Hume & Hume, of Houston, Flippen & Miller and Ralph Randolph, all of Dallas, and Francis R. Stark, of New York City, for appellant.

Woods, King & John, of Houston, for appellee.

GRAVES, J. Melear sued the Telegraph Company for $2,902.21 for damages for its alleged negligent failure to deliver a business code telegram tendered by him to and accepted by it at Jacksonville, Tex., addressed to Anderson, Clayton & Company at Houston, Tex. The message in hæc verbis being as follows: "Oleander Blunder Bales additional Making Blunt altogether Besmear Confess," and meaning when decoded: "We have purchased for your account two hundred bales additional, making three hundred altogether to-day at twenty-four and one-half basis Middling."

He averred that the telegram was never delivered, and that the failure to deliver it resulted in the loss of a sale of 200 bales of cotton by him to Anderson, Clayton & Company at 24½ cents per pound, to his damage in the sum stated, in that he was later compelled to accept 21 cents per pound, thereby entailing the loss; he made the firm of Anderson, Clayton & Company and the individual members of it who reside in Texas party defendants also, and in the alternative asked judgment for the same amount against them.

The cause was submitted to the jury on five special issues as follows:

"No. 1. Did the defendant Western Union Telegraph Co. transmit and deliver with reasonable dispatch and promptness a telegram received by it for transmission at Jacksonville, Tex., on the 23d of September, A. D. 1920, and offered in evidence before you?

"No. 2. Did the defendant, Western Union Telegraph Company have notice from the contents of the message offered in evidence that it related to an important business transaction between the sender and sendee?

"No. 3. Should J. M. Hearne have known, from information if any given him at any time in the course of his business as operator for the Western Union that said message related to an important business transaction between sender and sendee, and that failure to promptly transmit and deliver same might and probably would result in financial loss to plaintiff?

"No. 4. Did the plaintiff sustain any damages on account of the failure to transmit and deliver said message?

"No. 5. If you have answered special issue No. 4 in the affirmative, then state the amount of such damages."

To which the jury returned these answers: No. 1, "No;" Nos. 2, 3, and 4, "Yes;" and No. 5, "$2,902.21."

Judgment was thereupon rendered in favor of Melear against the telegraph company for the amount sued for, and that he take nothing against Anderson, Clayton & Company. The telegraph company asserted no cause of action below against Anderson, Clayton & Company, and Melear has not appealed from the decree that he take nothing against them, so the trial court's judgment in their favor became final and is unaffected by this appeal.

From the judgment described, the telegraph company complains here of Melear's recovery against it on three assignments of error, contending: First, that the trial court erred in overruling its general demurrer to plaintiff's petition; second, that the court erred in refusing to submit to the jury its special charge No. 1 to this effect, "You are instructed to find a verdict in favor of the defendant, Western Union Telegraph Company;" third, that the court erred in overruling its objections to special issue No. 4 submitted to the jury to the effect that such issue had no basis in the pleadings and evidence, was too general and vague, was misleading, constituted a false issue, and submitted an incorrect measure of damage under the facts alleged and proved.

[1, 2] The argument under the first assignment that the general demurrer to the plaintiff's petition should have been sustained rests upon the insistence that it did not allege a legal consideration for the undertaking of the telegraph company to deliver the message, but merely averred that it did so "for an agreed consideration," which only amounted to a legal conclusion and went no further than to simply charge that the telegraph company agreed and undertook to deliver the message in question. This, we think, is an entirely erroneous appraisement of the averments made in the petition, and overrule the assignment. The appellee charged that the appellant was a public service corporation engaged in the business of transmitting messages for hire over its wires as such; that he deposited with and had accepted by it at its office in Jacksonville, Tex., the telegram involved for transmission to Anderson, Clayton & Company at Houston, Tex.; and that after such acceptance for an "agreed consideration" it contracted in the conduct of its telegraph business with plaintiff to deliver such message with reasonable dispatch, etc. We think under the holding of our Supreme Court in Telegraph Co. v. Snodgrass, 94 Tex. 288, 60 S. W. 308, 86 Am. St. Rep. 851, followed in Telegraph Co. v. Gold (Tex. Civ. App.) 235 S. W. 331, these allegations were sufficient. Under them it was shown in evidence that appellee did much business with appellant at Jacksonville and carried a monthly telegraph account with it, running from $35 to $70 per month, the biggest part of which was for messages

connected with his cotton business. This finding of fact overrules the further claim that the proof failed to show a consideration was paid to the telegraph company.

[3] The remaining assertions that the telegram, if it had been sent, would not have amounted in the circumstances shown to an acceptance of an offer from Anderson, Clayton & Company to buy from Melear 200 additional bales of cotton for 24½ cents; that the failure to deliver it did not therefore prevent the formation of a contract between the parties, and that the evidence was insufficient to support the judgment against appellant in that it appeared therefrom that Melear was merely the purchasing agent for Anderson, Clayton & Company; and that accordingly any loss that may have attended the failure to deliver the telegram was that of his principal and not his own are equally untenable.

The undisputed facts in that connection show that by long distance telephone Melear at Jacksonville had sold that day to Anderson, Clayton & Company at Houston 100 bales of cotton at 24½ cents per pound, and that in that conversation they agreed to buy 200 additional bales from him in the same way at the same price, provided only that he report to them the same day or before the opening of the cotton market the following morning his acceptance of their agreement with him to so take the additional 200 bales, he being at the time of the agreement over the telephone uncertain as to whether he could himself procure the additional 200 bales to so sell to them; he did, however, procure them, and between 5 and 6 o'clock on the afternoon of the same day sent the telegram in suit, which was intended to advise them of his acceptance of the additional offer and which their agent in charge of the matter testified he would have so understood; in other words, both parties to the telegram testified that if it had been received it would have meant the sale from Melear to Anderson, Clayton & Company—pursuant to this previous agreement between them that same day by telephone—of 200 additional bales of cotton at the stipulated price of 24½ cents, and that Anderson, Clayton & Company would have taken the shipment at that price; it was further shown that after that day the market declined and that, although Anderson, Clayton & Company a few days later did take the 200 bales and pay Melear the market price at that time for it, he only got 21 cents per pound, thereby losing the amount found by the jury to have been his damage.

In these circumstances we fail to see any merit in the defensive matters appellant so urges, and affirm the judgment.

Affirmed.