## WM. G. HALL AND WIFE v. JAMES MURPHY.

Where the defendant, being sued for the recovery of a slave, alleged fraudulent combination to defraud him, between the plaintiff and the person who sold the slave to defendant, and prayed that the seller be made a defendant, which was done, this Court said : He was not a necessary party, and it may well be questioned whether he was a proper party ; but if there was error, it did not go to the merits, and is not of a character to require a reversal of the judgment.

Where the purchaser of a slave, being sued by a third person for the recovery of the slave, alleged a fraudulent combination between the plaintiff and the seller, to defraud him, and prayed that the seller be made a party defendant, which was done, the Court said : The defendant Wiggins, (the seller,) not being a necessary party, and not having a legal interest adverse to his co-defendant, so as to have entitled the latter to object to his testimony, if the plaintiff had chosen to make him a witness, his being made a party, though a proper party to the suit, could not deprive the plaintiff of the benefit of the testimony of his wife. It was error, therefore, to exclude from the jury, the deposition of Mrs. Wiggins, on the ground that her husband was a party to the suit.

Appeal from Houston. Suit by Margaret Denton, after-

wards intermarried with William G. Hall, against James Murphy, to recover a woman slave named Tennessee.

The defendant claimed by purchase from H. L. Wiggins, the plaintiff's father. And for further answer, by leave of the Court, the defendant avers and charges, that the said Margaret Denton, at the time of the bringing of her suit, was living with and entirely under the control of her father, the said H. L. Wiggins; that the latter, for the purpose of defrauding this defendant, induced the said Margaret to set up claim to said negro, in order that he might bring suit in her name for the same; that said suit was brought at the instance of said Wiggins, combining with his daughter, and in her name, to enable him to defraud this defendant; that said negro was in fact the property of said H. L. Wiggins, purchased and paid for, if paid for at all, by him, and the same was by a pretended transfer, through one John Haley, the father-in-law of said Wiggins, made to the said Margaret, for the purpose of concealing said negro from the creditors of said Wiggins, though the possession of said negro remained with said Wiggins up to the sale to defendant; wherefore he charges that said H. L. Wiggins and said Margaret have combined together to defraud petitioner in the premises, and he prays that said Wiggins, by citation, &c., be made a party to this suit, that said fraud and combination may be shown.

Plaintiff's exceptions to the answer were overruled, and Wiggins made a party, to which plaintiff excepted.

On the trial the deposition of Mrs. Wiggins, the wife of H. L. Wiggins, was excluded on the ground that her husband was a party to the suit; to which the plaintiff excepted. Verdict and judgment for the defendant.

*G. F. Moore*, for appellants.

*Yoakum & Taylor*, for appellee.

WHEELER, J. There certainly was no necessity for the de-

fendant to make Wiggins a party to the suit. He could have urged his defences as effectually without, as by joining him. He was not a necessary party; and it may well be questioned whether he was a proper party, and whether he should not have been dismissed upon the plaintiff's exceptions. (Johnson v. Davis, 7 Tex. R. 173.) But if there was error in the ruling of the Court upon the exception, it did not go to the merits; and is not of a character to require a reversal of the judgment.

The defendant Wiggins not being a necessary party, and not having a legal interest adverse to his co-defendant, so as to have entitled the latter to object to his testimony, if the plaintiff had chosen to make him a witness, (4 Tex. R. 341; 10 Id. 452,) his being made a party, though a proper party to the suit, could not deprive the plaintiff of the benefit of the testimony of his wife. It was error, therefore to exclude from the jury the deposition of Mrs. Wiggins, on the ground that her husband was a party to the record; for which the judgment must be reversed.

It is unnecessary to consider the other questions presented by the record, as they may not arise for decision upon another trial. The judgment is reversed, and the cause remanded.

Reversed and remanded.