GABRIEL MOORE'S ADM'R. v. FRANCIS AND HER CHILDREN.

Where several suits for freedom and for the value of services, against the same administrator, with whom were joined other persons in the several suits, (whether different persons did not appear,) to whom the plaintiffs were hired out, were consolidated by the Court without motion, and without objection, and it did not appear that the rights of the appellant had been prejudiced by the consolidation, the judgment was affirmed.

Appeal from Harrison. Tried before the Hon. W. W. Morris.

The transcript in this case contained the pleadings in case No. 2296, of Francis and her children against Gabriel Moore's administrator and Hobert Key and Benjamin F. Young, the two latter being charged as hirers, in possession. After several orders and continuances, there was an order entitled No. 2296, Francis et al., by next friend O. T. Boulware, v. O. Hendrick, Adm'r. et al.,—No. 2297, Charlotte alias Caroline, by her next friend O. T. Boulware, v. O. Hendrick, Adm'r. et al.,— No. 2298, Barbara, by her next friend O. T. Boulware, v. O. Hendrick, Adm'r., et al.; consolidating said causes. Then followed the judgment entitled in same manner. The statement of facts also. The motion for new trial, and the order overruling same, concluding with the notice of appeal, were enti-

tled as of case 2296 only, omitting also the names of the other defendants. The children of Francis were Daniel, 17 years old, and Caroline Matilda, 15 years old, at commencement of the suit. Francis and her children were manumitted by the same deed ; the plaintiffs in the other suits, by different deeds.

In all other respects the facts were same as in Moore v. Mary Minerva, *supra.*

*C. M. Adams,* for appellant.

*Marshall & Wigfall,* for appellees.

LIPSCOMB, J. This suit involves the same questions of law, presented in the case of the same appellant v. Mary Minerva and her children, just described ; and it is not necessary to go over the ground again. In this case one additional point, only, has been presented. In the District Court, there were two suits pending by these appellees, a part of them in No. 2296 and 2297, on the docket. The Court, without an application from either party, ordered the two to be consolidated and tried as one suit, neither of the parties objecting to the order of the Court, but went into the trial of the cases so consolidated. We refer to the reasons given in the other case, why we regarded it no error for several plaintiffs to be joined together in their suit for freedom. This might have been objectionable in a suit at common law, under the English practice. This strictness was never observed in a bill in Chancery, to which proceedings in our Courts may be likened. The Court having all the parties before them, could adjust their respective rights depending upon the same title. There was the same title relied upon, in this case, for freedom, by all of the plaintiffs.

If we had doubts as to the propriety of consolidating the two cases, there are two considerations that would determine our judgment, in refusing to reverse the judgment. The par-

ties were present and made no objection, and silence, under such circumstances, should be regarded as a consent to the order made by the Judge ; and secondly : the appellant was not placed in a worse condition, as to his defence to the action, and therefore has sustained no injury from the two cases being tried in one. The judgment is affirmed.

Judgment affirmed.