## J. E. FLANDERS v. THOMAS J. WOOD ET AL.

### No. 3120.

1. **Parties—Suit Against a Partner to Compel Account.**—This suit was by two partners to compel a third to account in same amount to each. We know of no authority that requires separate suits in such cases.

2. **Contract Not Illegal.**—Three architects had each submitted plans and specifications to the County Court of Wilbarger County for a court house. The architects agreed among themselves to abstain from further advocacy and to divide the proceeds should the plan of any one of them be received. This was not against public policy, nor to prevent rivalry, etc.

3. **Contract to Stifle Competition.**—Such contract by three architects with each other who had submitted each his plan with specifications, to withdraw from further contest and to divide the proceeds should any of their plans be adopted, was not calculated to stifle competition. The plans were not withdrawn and each competed. Such contract, being legal, could be the basis of an action; the plan of one of the parties having been adopted, and the mutual promises forming sufficient consideration.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.

The statement of the nature and result of the suit as found in the brief of the appellant and not objected to by appellees is as follows: This suit was instituted on the 30th day of October, 1888, by Thomas J. Wood, of Sherman, Texas, and John Andrewartha, of Austin, Texas, against J. E. Flanders, to recover upon a contract made between all of them on the 9th day of March, 1886. It is alleged that each of the parties were architects; that on the 8th day of March, 1886, the plaintiffs and defendant did each severally submit in competition plans and specifications to the Commissioners Court of Wilbarger County, Texas, for a court house at Vernon, Texas, for said county, with the request of said Commissioners Court, and that thereafter, to-wit, on the 9th day of March, 1886, said plaintiffs and defendant did agree with each other in writing, for the consideration of an equal one-third interest in the result of said competition, that they, the said Wood, Andrewartha, and Flanders, would retire from further contest in order to attend to their more urgent and regular practice, and leave it to one or more of them or not, to be selected by the said Commissioners Court, to build said court house, and that they, the said Wood, Andrewartha, and Flanders, should share equally the commissions due upon the services of whichever of the three should be appointed by said Commissioners Court to build said court house, and that they would give to the one that might be so employed all aid and assistance to secure the regular charge and practice prescribed by the Texas State Association of Architects, and that the said one-third interest in the result of said competition should be well and duly paid, when the same should be received by the one who should be so employed, to each of the other two. A copy of said agreement is attached to said petition, and is in the following language, to-wit:

"*State of Texas, County of Dallas.*—We, the undersigned, agree and bind ourselves, for and in consideration of an equal one-third interest in the result of the competition upon our several and joint plans and specifications submitted to the County Commissioners Court of Wilbarger County for their purpose, and to build a court house in accordance with the terms of the advertisement bearing date the 8th day of March, 1886, and previously; and upon that date and subsequently we did submit plans and specifications, said one-third interest to be well and duly paid by one and each of us to each other.   Therefore we do now agree, each of us now present in Vernon, Wilbarger County, to retire from further contest, to enable us to attend to our more urgent and regular practice, and leave it to one of us to be selected or not by the Commissioners Court of said county to build said court house, and to share equally the commissions due upon one or other of our services if one or other of us be employed by the County Commissioners Court of Wilbarger County to build said court house, and to give one and other of us all aid and assistance to secure the regular charge and practice prescribed by the Texas State Association of Architects.

"Witness our hands, this the 9th day of March, 1886.   Signed by Andrewartha, Wood, and Flanders."

That plaintiffs immediately after the execution of said agreement did retire from further personal competition as in said agreement provided.   It was further alleged, that defendant's plans were accepted, and he did proceed to the erection of said court house, and received for his services the sum of $1600, and they ask judgment for two-thirds of said amount, to-wit, $1036.66⅔.   A writ of attachment was issued and levied upon real estate.

The defendant filed a general demurrer to said petition and five special exceptions, substantially as follows, to-wit:

1.   There was an improper joinder of parties plaintiff in the case.

2.   There was no consideration for the alleged contract.

3.   The petition does not show that any assistance was rendered by the plaintiffs to the defendant in the matter of preparing plans and specifications for the erection of said court house.

4.   The petition fails to show that plaintiffs are partners, and that the cause of action is not joint but separate.

5.   The contract set up is void, against public policy, without consideration, and intended to defeat fair and open competition for the work set out in said petition.

Defendant also answered, (1) by general denial; (2) by statute of limitation of two years; and further specially answered, that said pretended agreement was only executed as a preliminary agreement between them about 10 o'clock at night, on the 9th day of March, 1886, and was not to go into effect or be delivered or be binding upon the parties unless it was found necessary to remain over and spend several

days in the town of Vernon, Wilbarger County, and then it only had reference to the preliminary drawings, the value of which would have been 1 per cent of the contract price of the said court house; that about the time of the signing of the contract, to-wit, on the 9th day of March, 1886, the Commissioners Court then being in session, considering this defendant's plans, sent word to him requesting him to appear before them, which he did, and was then and there notified that his plans and specifications had been adopted, and that it was then understood that the agreement sued upon was not to go into effect and was not to be delivered; that the effect of said agreement would have been to defeat and stifle competition and a fair and bona fide adoption of the best plans submitted; that the same was without consideration and void, as against public policy; that all the parties after the adoption of defendant's plans left the town of Vernon, in Wilbarger County, early the next morning; and that plaintiffs, nor either of them, had ever assisted or offered to assist defendant in the work of preparing plans, specifications, and detail drawings for the said court house; that defendant attended to preparing all the plans and specifications and the overseeing of the work at an expense to him of money paid out in the sum of $600.

Defendant's demurrer and exceptions were overruled, to which exceptions were reserved. The case was tried by the jury, and judgment was rendered for plaintiffs for $769.17, foreclosing attachment lien. Defendant appealed and has assigned errors, complaining that the court erred in overruling defendant's exceptions to the petition for misjoinder of plaintiffs. Other errors are assigned.

[This statement accompanied the opinion.]

*John Bookhout,* for appellant.—1. There was improper joinder of parties plaintiff. Blum v. Goldman, 66 Texas, 622; Thomas v. Chapman, 62 Texas, 196.

2. Where a contract for the performance of any public work is to be awarded to the bidder therefor offering terms most favorable to the public, any agreement between parties making bids tending or that may tend either directly or indirectly to restrain or lessen rivalry or competition, is void as against public policy, even though it may not appear that such agreement did really produce any result detrimental to the public interest. Atchison v. Mallon, 43 N. Y., 148; Mills v. Mills, 40 N. Y., 543; Elkhart Lodge Co. v. Crary, 98 Ind., 238; Hannah v. Fife, 27 Mich., 172; James v. Fulcrod, 5 Texas, 520–527; Doolin v. Ward, 6 Johns., 194; Wilbur v. How, 8 Johns., 444; Thompson v. Dawes, 13 Johns., 112; Hamilton v. Hamilton, 2 Rich., 355; Same Case, 46 Am. Dec., 64.

3. Any agreement which in its object and nature is calculated to diminish competition for the obtainment of a public or quasi public contract, to the detriment of those awarding the contract, is void.

*S. H. Russell* and *Thomas T. Holloway*, for appellees.—1. A covenant with two or more persons to pay money to one, or to pay certain money to one and certain money to another, creates a joint right of action in the covenantees, although their beneficial interests are several. 1 Pars. on Con., 6 ed., pp. 13, 14, 20; note (j), p. 14; note (v), p. 20; Capen v. Barrows, 1 Gray, 376.

2. The mutual and simultaneous promises in the contract, if not void for reasons of public policy, constitute valuable considerations, the one for the other. Langdell on Con., sec. 89; James v. Fulcrod, 5 Texas, 512–519; Briggs v. Tillotson, 8 Johns., 304.

3. The paramount principle of public policy is, that agreements duly entered into by competent parties should be held sacred, and they will not be declared to be in contravention of public policy except in the clearest cases, free from doubt. Bish. on Con., sec. 481 (new ed., sec. 528); James v. Fulcrod, 5 Texas, 512, 520–527; Briggs v. Tillotson, 8 Johns., 304; Smith v. Du Bose, 78 Ga., 413.

COLLARD, JUDGE, *Section A.*—The first assignment of error is, that the court erred in holding that there was not a misjoinder of parties plaintiff. The question was raised in the court below by exceptions to the petition. There was no error. In a suit to enforce a contract all persons interested therein are proper parties. It would be a singular proceeding to require each of the plaintiffs to bring separate suits against the same defendant, on the same promise, subject to the same defenses. This suit was by two partners to compel a third to account in the same amount to each. We know of no authority that requires separate suits in such a case. Creditors holding separate claims against a debtor can not join as plaintiffs in the collection of their debts (Blum v. Goldman & Son, 66 Texas, 622); but that rule does not apply to this case. Appellant contends that the contract was without consideration, and therefore can not be enforced. In reply to this, it need only be said that the promises were mutual and simultaneous, and bound all the parties. Such promises constitute a valuable consideration. Bish. on Con., sec. 76; James v. Fulcrod, 5 Texas, 512.

It is also claimed by appellant that the contract sued on is void because contrary to public policy, in that its effect was to defeat fair and open competition upon the plans and specifications submitted by the parties to the Commissioners Court of Wilbarger County for the building of a court house; and it is also claimed that the court erred in rendering judgment for plaintiffs, as the evidence showed that the intention of the parties in making the contract was to prevent such competition.

There is no doubt as to the law, that if the contract was made to prevent rivalry between the parties in their bids for furnishing plans

and specifications for the court house it would be void as against public policy.    Atchison v. Mallon, 43 N. Y., 148; James v. Fulcrod, 5 Texas, 513; Allen v. Stephanes, 18 Texas, 658. The question, however, in this case is, Did the contract have the effect or was it the intention thereby to stifle competition as claimed?   The contract shows that each of the three parties thereto had put in plans and specifications for the court house, to be accepted or rejected by the County Commissioners Court; that there was competition between the plans offered; that it was unknown whose plans would be accepted; that they would *all* retire from further contest in order to attend to their more urgent business, and let the plans alone compete, and that whichever of the plans should be accepted, all should share equally in the remuneration. The bids or price of plans was not to be changed, nor was any one to be withdrawn.

It is contended that the provision in the agreement that the parties should retire from further contest indicates the illegality of the contract.    It does not appear how such an agreement could affect the county whose officers had at the time the offers of the architects before them, which the agreement in nowise interfered with.    The competition was between the plans themselves; the agreement was not to withdraw any of them, but to leave them in competition as they were. The county was not to be injured or put at any disadvantage.    The architects alone were affected.    The withdrawal of their advocacy of their respective plans is all that could have been contemplated—not the plans or any of them.    This was not illegal.    The county was not to be deprived of its selection or of any right.    The plans were still in competition.    The result of the free and untrammeled selection of the county was made the basis of the agreement; the freedom of the county in selecting was not interfered with nor limited.    The evidence shows that the commissioners made their selection from the plans of these and other architects who had submitted other plans and specifications, preferring those of defendant among them all.    There is nothing in the evidence to show that the competition was in the least influenced by the agreement.    This case is similar to that of Briggs v. Tillotson, 8 Johnson, 304, where a premium was offered for the best manufacture of cloth.    There were several competitors, who, after the cloth was made and submitted, agreed to share the bounty.    It was held that the agreement did not affect the competition.    In another case the principle is contrasted.    The collection of town taxes was to be let to the person making the most favorable proposition to the town; two competitors agreed *at the time they put in their bids* to divide the profits.    It was held that the contract was against public policy, as it must have influenced the bids.    Atchison v. Mallon, 43 N. Y., 147.    This is sound law.    The distinction is well made in the two cases, and it is at once

seen that the case at bar comes under the former and not the latter. James v. Fulcrod, 5 Texas, 513.

We find no error, and conclude that the judgment of the lower court should be affirmed.

*Affirmed.*