## El Paso & Northeastern Railway Company v. B. M. Sawyer.

### Decided March 10, 1909.

**1.—Damages—Breach of Contract.**

Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach should be such as may fairly and reasonably be considered as either arising naturally, that is, according to the usual course of things from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach of it.

**2.—Same.**

Damages which may fairly and reasonably be considered as naturally arising from a breach of contract, according to the usual course of things, are always recoverable.

**3.—Same—Elements of Damages.**

In actions based upon breach of contract the losses sustained do not, by reason of the nature of the transactions which they involve, ordinarily embrace any other than pecuniary elements; there is, however, no reason why other natural and direct injuries may not justify and require compensation.

**4.—Same—Contract of Carriage—Breach—Personal Injuries—Passenger.**

In an action by a passenger against a carrier for breach of a contract of carriage, damages for personal injuries proximately resulting from a derailment of the train are recoverable.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Hawkins & Franklin* and *W. M. Peticolas,* for appellant.—Actions which arise from the breach by negligence of some public duty owed by a railroad are actions which sound in tort. Actions which arise from the breach of some contract entered into by a railroad do not sound in tort but are actions strictly for the breach of the contract, but when the two blend and the action which arises is founded both on the negligent breach of a public duty and the breach of the contract to safely carry, all damages for personal injuries sound in tort and can only be sued for in tort, and the only damage which can be recovered for the breach of the contract to safely carry is the money expended for

the ticket, and the money lost by loss of time, and additional expenses, etc. Galveston H. Ry. v. Clemons, 19 Texas Civ. App., 452; Railway v. McAnulty, 26 S. W., 414, 7 Texas Civ. App., 321; Railway v. Campbell, 1 Texas Civ. App., 509; Railway v. Roemer, 1 Texas Civ. App., 191; Railway v. Levy, 59 Texas, 548.

*S. Engelking* and *F. G. Morris,* for appellee

NEILL, ASSOCIATE JUSTICE.—This is a companion case of No. 4129, decided today, and was brought by appellee to recover damages sustained by him as a passenger en route from Pittsburg, Pennsylvania, to Los Angeles, California, by the derailment in the Territory of New Mexico of appellant's train in which he was being carried to his destination. The plaintiff's petition contains two counts; the first declares on a breach of contract for safe carriage and the second for a tort arising from the negligent derailment of the train. On account of this court having held in the companion case (Sawyer v. El Paso & N. E. Ry. Co., 49 Texas Civ. App., 106), that the right of action as for a tort was defeated by a certain statute of New Mexico, referred to and discussed in that opinion, but that such statute did not preclude the right of action for a breach of the contract made in the State of Pennsylvania for safe carriage, the case was tried on the first count and resulted in a judgment and verdict in plaintiff's favor for the sum of $750.

The contract declared on was indisputably proved, its breach indubitably shown by the derailment of the train and the consequent injury to plaintiff. The contention, however, of appellant is that in an action for a breach of the contract, no recovery can be had for the personal injuries inflicted upon the passenger resulting from the breach, but that he can only recover for what he paid for the ticket entitling him to transportation and any additional personal expenses incurred by reason of loss of time.

The leading case on the subject of damages arising from a breach of contract is Hadley v. Baxendale, 9 Exch., 341, 23 L. J. Ex., 179. In that case the rule is thus stated: "Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, that is, according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it." This rule is thus interpreted: "It has been supposed to lay down three rules: First, that damages which may fairly and reasonably be considered as naturally arising from a breach of contract according to the usual course of things are always recoverable. Secondly, that damages which would not arise in the usual course of things from a breach of contract, but which do arise from circumstances peculiar to the special case, are not recoverable unless the special circumstances are known to the person who has broken the contract. Thirdly, that where the special circumstances are known or have been communicated to the

person who breaks the contract, and where the damage complained of flows naturally from the breach of contract under those special circumstances, then such special damage must be supposed to have been contemplated by the parties to the contract, and is recoverable. A further rule is implied, as follows, that damage which can not be considered as fairly and naturally arising from breach of contract under any given circumstances is not recoverable, whether those circumstances were or were not known to the person who is being charged." Wood's Mayne on Damages, 21. It is upon the first rule thus exposed that the damages recoverable in this case must rest.

"May damages for breach of contract include other than pecuniary elements? In actions upon contract the losses sustained do not, by reason of the nature of the transactions which they involve, ordinarily embrace any other than pecuniary elements. There is, however, no reason why other natural and direct injuries may not justify and require compensation. Contracts are not often made for a purpose the defeat or impairment of which can, in a legal sense, inflict a direct and natural injury to the feelings of the wronged party. A breach of promise of marriage is an instance of such a contract, in which such considerations enter into the estimate of the damages. The action for such a cause is often referred to as an exceptional one. In a certain sense it is so; but only in the particular under consideration. It is an action upon contract; the damages allowed are such as will adequately compensate the person injured, the nature and benefits of the thing promised being considered. Being of a personal nature the damages can not be wholly measured by a pecuniary standard; the cause of action, for the same reason, dies with the person, as all demands for personal injuries do. The damages are recoverable by the injured party because they proceed directly and naturally from the breach." Sutherland on Damages, section 92.

The case of International & G. N. Ry. Co. v. Terry, 62 Texas, 380, holds that a railway company which has violated its contract by carrying a passenger beyond his destination is liable to him for the discomfort, inconvenience, sickness, expenses, costs and charges which are the direct, natural and proximate result. See also Sutherland on Damages, section 49, in which the opinion in the case just cited and others similar are commented upon with seeming approval. See also Texas & P. Ry. v. Harnett, 34 S. W., 1057.

Actions against telegraph companies for failure to correctly transmit and promptly deliver messages are regarded in this State as actions *ex contractu* rather than *ex delicto,* and the rule in Hadley v. Baxendale is invariably applied in measuring the damages sustained in consequence of a breach of the contract. And no reason is seen why the same rule should not be applied in a suit by a passenger against the carrier for a breach of contract to safely carry him to his destination. See Fetter on Carriers of Passengers, section 119.

Under the charge of the court the jury was required to believe, before it could return a verdict for the plaintiff, that his injuries were the proximate result of the derailment of the train, and the last paragraph informs the jury what it can consider as elements of damages in estimating the damages sustained by him. No part of this para-

graph is called in question by any assignment of error. True, the second assignment is directed against the paragraph, but it is based upon the erroneous assumption that it instructs the jury that it can take into consideration plaintiff's lessened ability to labor. The charge in this case does not, as does the one in its companion case, present any such element of damages to the consideration of the jury. What we have said, in connection with what is held in Sawyer v. El Paso & N. E. Ry. Co., 49 Texas Civ. App., 106, disposes of all the questions presented by the assignments of error. There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.