## WESTERN UNION TELEGRAPH CO, v. BURRIS et ux.

(Court of Civil Appeals of Texas. San Antonio. May 8, 1912. Rehearing Denied June 5, 1912.)

1. TELEGRAPHS AND TELEPHONES (§ 67*)— DELIVERY OF MESSAGE—NOTICE AS TO CONTENTS AND RELATIONSHIP.

A telegraph message addressed to B. in another state, reading "Mrs. B. says Lavonia has had fever since a week last Tuesday, and she needs money," was notice to the company that the addressee was the husband of the one for whose benefit it was sent, and that Lavonia was their child, and that the matter was urgent.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 64–68; Dec. Dig. § 67.*]

2. TELEGRAPHS AND TELEPHONES (§ 67*)— ACTION FOR DAMAGES—REMOTE OR CONTEMPLATED DAMAGES.

In an action by a husband and wife for failure to deliver a telegram sent by the wife, informing her husband in another state that their child had a fever, and that she needed money, in consequence of which the wife was compelled to spend days and nights caring for the child, without opportunity for rest, so that she suffered a nervous and physical breakdown, became violently ill, and was confined to her bed, the plaintiffs were entitled to recover

---

therefor as for actual damages, within the contemplation of the parties.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 64–68; Dec. Dig. § 67.*]

3. TELEGRAPHS AND TELEPHONES (§ 71*)— ACTION FOR DAMAGES—EXCESSIVE DAMAGES.

A verdict for $250, in an action for failure to deliver a telegram, was not excessive, where plaintiff in consequence suffered a physical and nervous breakdown, remained in bed for a short time, and did not recover for about six months.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 74; Dec. Dig. § 71.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by C. L. Burris and wife against the Western Union Telegraph Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Webb & Goeth, of San Antonio, for appellant. W. H. Kennon and Harold L. Geisse, both of San Antonio, for appellees.

MOURSUND, J. C. L. Burris and wife sued the Western Union Telegraph Company for $1,995 actual damages, alleged to have been suffered by the negligence of such company in failing to promptly transmit and deliver a message filed with the company at Memphis, Tenn., on February 23, 1911, by Mrs. Burris, addressed to her husband, C. L. Burris, San Antonio, Tex., reading: "Mrs. Burris says Lavonia has had fever since a week last Tuesday, and she needs money." That the message was signed by R. L. Holsaphel, because given to the company over his telephone line. That Mrs. Burris was in the city of Memphis with her two children, and that her daughter, Lavonia, was at the time seriously and dangerously ill, and that she was without funds; whereupon she sent the telegram to apprise her husband of her situation, and that the failure to deliver the message compelled her to spend four days and nights nursing and caring for her child, without opportunity for rest and relaxation. That thereby she was caused to suffer a nervous and physical breakdown, became violently ill, and was confined to her bed for a long time. Plaintiffs also alleged that the company was further negligent, in that, after its failure to deliver the telegram, it informed Mrs. Burris that her telegram could not be delivered, because her husband had left San Antonio, which was untrue.

The defendant filed general demurrer, general denial, and a special answer, alleging that the message was given to its agent at Memphis over the telephone line, and the name was given as C. R. Buyrin, instead of C. L. Burris; and that the general address "San Antonio" was not sufficient to enable prompt delivery.

The case was tried before the court, and judgment rendered for plaintiffs for $250, besides the cost of the message. At the request of defendant, the court filed findings of fact and conclusions of law. Defendant duly perfected appeal.

The negligence of appellant in failing to deliver the message was abundantly shown. It was also shown that if the telegram had been promptly delivered Burris would at once have telegraphed his wife that he was sending funds by telegraph, and she would have employed a nurse to assist her in nursing and caring for the child.

The first three assignments of error all really raise the same question. Appellant contends that plaintiff could not recover, because appellant had no notice that Mrs. Burris desired to employ a nurse, or that she would become sick and suffer mentally and physically if she failed to employ a nurse, and because the damages sustained by her were not within the contemplation of the parties at the time the contract was made and were too remote.

In the case of Telegraph Co. v. Carter, 85 Tex. 586, 22 S. W. 962, 34 Am. St. Rep. 826, the court said: "From the rules laid down in the foregoing decisions of this court, this plain and just rule may be deduced: The telegraph company is chargeable with notice of the relationship that exists, if any, between all parties named in the message, and with notice of such purposes as may be reasonably inferred from the language used, in connection with the subject-matter of the communication, taking into consideration the usual manner of expressing messages sent by this means."

Again, in the case of Telegraph Co. v. Edmondson, 91 Tex. 206, 42 S. W. 549, the court says: "In other words, whatever may arise, in the usual course of things, from the failure to accomplish the purpose indicated by the terms of the message may be considered within the contemplation of the parties at the time the contract was made, as being the probable result of the breach of it; and for this the party who fails to comply is held responsible."

[1] Applying these rules to this case, we find that the company was charged with notice that Mr. Burris, to whom the message was to be sent, was the husband of Mrs. Burris, for whose benefit it was sent, and that Lavonia was their child. The message disclosed the facts (1) that the child was ill with fever, and had been for more than a week; (2) that Mrs. Burris needed money. When a telegram relates to sickness, the company is put upon notice that the matter is important and urgent; and when it calls for money to be sent common sense dictates that the money is wanted in haste.

[2] Now, taking into consideration the usual manner of expressing messages, what purposes may be reasonably inferred from the message? The communication is made that the child had been ill with fever for over a

week, and that its mother needed money. It would follow as a very reasonable inference that the money was desired particularly because of the illness of the child, its nature, and duration; also that it was necessary to expend money at once for the usual purposes in case of fever. Such purposes are the procurement of medicines, medical attention, food, and nursing. Certainly, in a case of fever already extending over a week, nursing is a purpose which can reasonably be inferred, especially when the company is put upon notice that the husband is not with his wife to help her. The telegraph company being chargeable with notice that one of the purposes to be accomplished by the telegram was to procure assistance to nurse the child, the inquiry then presents itself: What may be considered within the contemplation of the parties as being the probable result of failing to procure the money with which to employ a nurse? In the usual course of things, Mrs. Burris would suffer great anxiety, and would be required to devote her time and attention to the sick child. That she would nurse and care for her sick child, even to the injury of her own health, is natural, and is to be expected in the usual course of things. That a woman so situated would be very likely to suffer a physical and nervous breakdown cannot be denied. It is a result which may follow in the usual course of things from the failure to receive the money. It need not be a result which necessarily follows, but only one which may follow in the usual course of things. We are of the opinion that the damages suffered were within the contemplation of the parties, and were not too remote. The assignments of error are overruled.

[3] The fourth assignment complains of the damages being excessive and unreasonable. The court found that plaintiff suffered a physical and nervous breakdown, requiring her to remain in bed for three days, and from which she did not recover for about six months. We do not consider the amount of damages allowed to be excessive.

Judgment affirmed.